**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CRAWFORD CONDOMINIUMS LP** | § | |
| **D/B/A PARC AT MIDTOWN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO: 4:21-cv-529** |
| | § | |
| **AMTRUST INTERNATIONAL** | § | |
| **UNDERWRITERS DAC, A/K/A** | § | |
| **AMTRUST INTERNATIONAL** | § | |
| **UNDERWRITERS LIMITED,** | § | |
| | § | |
| *Defendant.* | § | |

**<u>INDEX OF DOCUMENTS</u>**

Defendant AmTrust International Underwriters DAC is filing the following documents, with its Notice of Removal in this Court, from the case styled *Crawford Condominiums LP D/B/A Parc at Midtown v. Amtrust International Underwriters DAC, A/K/A Amtrust International Underwriters Limited*; Cause No. 2021-02080; In the 151st Judicial District Court, Harris County, Texas.

1.    Civil Case Information Sheet.

2.    Letter to the 151st Judicial District Court.

3.    Request for Issuance of Service.

4.    Affidavit of Service.

5.    Plaintiff's Original Petition and Request for Disclosure.

6.    Defendant's Answer.

7.    Docket Sheet.

9030729v1
10660.106

**EXHIBIT 1**

1/13/2021 4:36:14 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 49681008
By: HILL, MARCELLA D
Filed: 1/13/2021 4:36:14 PM

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ | COURT *(FOR CLERK USE ONLY):* _____ |

### STYLED _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: **James S. Richards** <br><br> Address: <br> Cokinos\|Young <br> 1221 Lamar Street 16th Floor <br><br> City/State/Zip: <br> Houston, Texas 77031 <br><br> Signature: <br><br> */s/ James S. Richards* | Email: <br> jrichards@cokinoslaw.com <br><br> Telephone: <br> (713) 535-5500 <br><br> Fax: <br> (713) 535-5533 <br><br> State Bar No: <br> 24073095 | Plaintiff(s)/Petitioner(s): <br><br> CRAWFORD CONDOMINIUMS LP D/B/A PARC AT MIDTOWN <br> _____ <br><br> Defendant(s)/Respondent(s): <br><br> AMTRUST INTERNATIONAL UNDERWRITERS DAC, A/K/A AMTRUST INTERNATIONAL UNDERWRITERS LIMITED <br> [Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner <br> ☐*Pro Se* Plaintiff/Petitioner <br> ☐Title IV-D Agency <br> ☐Other: _____ <br><br> Additional Parties in Child Support Case: <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐Consumer/DTPA <br> ☒Debt/Contract <br> ☐Fraud/Misrepresentation <br> ☐Other Debt/Contract: <br><br> *Foreclosure* <br> ☐Home Equity—Expedited <br> ☐Other Foreclosure <br> ☐Franchise <br> ☐Insurance <br> ☐Landlord/Tenant <br> ☐Non-Competition <br> ☐Partnership <br> ☐Other Contract: <br> _____ | ☐Assault/Battery <br> ☐Construction <br> ☐Defamation <br> *Malpractice* <br> ☐Accounting <br> ☐Legal <br> ☐Medical <br> ☐Other Professional Liability: <br> _____ <br> ☐Motor Vehicle Accident <br> ☐Premises <br> *Product Liability* <br> ☐Asbestos/Silica <br> ☐Other Product Liability List Product: <br> _____ <br><br> ☐Other Injury or Damage: <br> _____ | ☐Eminent Domain/ Condemnation <br> ☐Partition <br> ☐Quiet Title <br> ☐Trespass to Try Title <br> ☐Other Property: <br> _____ | ☐Annulment <br> ☐Declare Marriage Void <br> *Divorce* <br> ☐With Children <br> ☐No Children | ☐Enforcement <br> ☐Modification—Custody <br> ☐Modification—Other |
| | | | | **Title IV-D** |
| | | | | ☐Enforcement/Modification <br> ☐Paternity <br> ☐Reciprocals (UIFSA) <br> ☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction <br> ☐Judgment Nisi <br> ☐Non-Disclosure <br> ☐Seizure/Forfeiture <br> ☐Writ of Habeas Corpus— Pre-indictment <br> ☐Other: _____ | ☐Enforce Foreign Judgment <br> ☐Habeas Corpus <br> ☐Name Change <br> ☐Protective Order <br> ☐Removal of Disabilities of Minority <br> ☐Other: _____ | ☐Adoption/Adoption with Termination <br> ☐Child Protection <br> ☐Child Support <br> ☐Custody or Visitation <br> ☐Gestational Parenting <br> ☐Grandparent Access <br> ☐Paternity/Parentage <br> ☐Termination of Parental Rights <br> ☐Other Parent-Child: <br> _____ |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination <br> ☐Retaliation <br> ☐Termination <br> ☐Workers' Compensation <br> ☐Other Employment: <br> _____ | ☐Administrative Appeal <br> ☐Antitrust/Unfair Competition <br> ☐Code Violations <br> ☐Foreign Judgment <br> ☐Intellectual Property | ☐Lawyer Discipline <br> ☐Perpetuate Testimony <br> ☐Securities/Stock <br> ☐Tortious Interference <br> ☐Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal <br> ☐Tax Delinquency <br> ☐Other Tax | *Probate/Wills/Intestate Administration* <br> ☐Dependent Administration <br> ☐Independent Administration <br> ☐Other Estate Proceedings | ☐Guardianship—Adult <br> ☐Guardianship—Minor <br> ☐Mental Health <br> ☐Other: _____ |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court <br> ☐Arbitration-related <br> ☐Attachment <br> ☐Bill of Review <br> ☐Certiorari <br> ☐Class Action | ☐Declaratory Judgment <br> ☐Garnishment <br> ☐Interpleader <br> ☐License <br> ☐Mandamus <br> ☐Post-judgment | ☐Prejudgment Remedy <br> ☐Protective Order <br> ☐Receiver <br> ☐Sequestration <br> ☐Temporary Restraining Order/Injunction <br> ☐Turnover |

1/14/2021 12:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49701075
By: Brittany Hall
Filed: 1/14/2021 12:40 PM

# COKINOS

January 14, 2021

***Via E-file***

Harris County 151st Civil Court
Attn:
Marcella Singleton, Civil Intake Clerk
Marilyn Burgess, Harris County District Clerk
201 Caroline, Suite 110
Houston, TX 77002

Re:   *Cause Number 2021-02080; Crawford Condominiums LP D/B/A Parc At Midtown v. Amtrust International Underwriters DAC, A/K/A Amtrust International Underwriters Limited.; in the District Court of Harris County, Texas, 151st Judicial District.* Additional Citation Fee.

Dear County Clerk:

Please accept this letter and the associated supplemental filing fee of 4.00 to cover the remaining balance owed for the Texas Commissioner of Insurance fee, envelope #49681008. I have selected fee option "Service - Additional Copy - $4.00" with the intentions of paying the remaining balance of the $12.00 Citation fee from envelope #49681008 and will not need any additional copies.

If you any questions, please feel free to contact me.

Sincerely,

TERE NELSON

cc: James Richards, Attorney [Firm]

**COKINOS | YOUNG** • Four Houston Center, 1221 Lamar Street, 16th Floor, Houston, TX 77010 • cokinoslaw.com

HOUSTON • SAN ANTONIO • AUSTIN • DALLAS/FT. WORTH

1/13/2021 4:36:14 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 49681008
By: HILL, MARCELLA D
Filed: 1/13/2021 4:36:14 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____ **CURRENT COURT:** _____

**Name(s) of Documents to be served:** _____

**FILE DATE:** _01/13/2021_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** AmTrust International Underwriters DAC, A/K/A AmTrust International Underwriters Limited

Address of Service: 333 Guadalupe Street

City, State & Zip: Austin, Texas 78701

Agent (if applicable) Texas Commissioner of Insurance (Address listed above)

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- ☒ **Citation**  ☐ **Citation by Posting**  ☐ **Citation by Publication**  ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias**  Newspaper_____
- ☐ **Temporary Restraining Order**  ☐ **Precept**  ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)**  ☐ **Capias** (not by E-Issuance)  ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari**  ☐ **Highway Commission ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**  ☐ **Hague Convention ($16.00)**  ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance)  ☐ **Injunction**  ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** *(check one)*:
- ☐ **ATTORNEY PICK-UP (phone)** _____  ☒ **E-Issuance by District Clerk**
- ☐ **MAIL to attorney** at: _____  **(No Service Copy Fees Charged)**
- ☐ **CONSTABLE**  *Note:* The email registered with EfileTexas.gov must be
- ☐ **CERTIFIED MAIL by District Clerk**  used to retrieve the E-Issuance Service Documents.
  Visit www.hcdistrictclerk.com for more instructions.

- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
- ☐ **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney/Party Name: James S. Richards___ Bar # or ID  24073095

Mailing Address: _Cokinos|Young 1221 Lamar Street 16th Floor, Houston, Texas 77010

Phone Number: _(713) 535-5500_____

2/3/2021 3:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50328326
By: Keeley Hodgins
Filed: 2/3/2021 3:34 PM

## AFFIDAVIT OF SERVICE

State of Texas                    County of Harris              151st Judicial District Court

Case Number: 2021-02080

Plaintiff:
**CRAWFORD CONDOMINIUMS LP D/B/A
PARC AT MIDTOWN**

vs.

Defendant:
**AMTRUST INTERNATIONAL
UNDERWRITERS DAC, A/K/A AMTRUST
INTERNATIONAL UNDERWRITERS
LIMITED**

Received these papers on the 21st day of January, 2021 at 10:15 am to be served on **AMTRUST INTERNATIONAL UNDERWRITERS DAC A/K/A AMTRUST INTERNATIONAL UNDERWRITERS LIMITED by delivering to THE TEXAS COMMISSIONER OF INSURANCE, 333 Guadalupe Street, Austin, Travis County, TX 78701**.

I, Jeff Keyton, being duly sworn, depose and say that on the **27th day of January, 2021** at **2:20 pm, I:**

served **AMTRUST INTERNATIONAL UNDERWRITERS DAC A/K/A AMTRUST INTERNATIONAL UNDERWRITERS LIMITED** by delivering to **THE TEXAS COMMISSIONER OF INSURANCE,** by and through its designated agent, **JUSTIN BEAM,** at the address of: **333 Guadalupe Street, Austin, Travis County, TX 78701,** and delivering true duplicate copies of this **Citation together with Crawford Condominiums LP d/b/a PARC at Midtown's Original Petition and Request for Disclosure,** having first endorsed upon both copies of such process the date of delivery and tendering the $50 Statutory Fee.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas.  I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced  cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 27th day of
January, 2021 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

**Jeff Keyton**
PSC-735; Exp 7/31/2022

Our Job Serial Number: THP-2021000267
Ref: 0210103

Helen Broussard
My Commission Expires
11/04/2023
ID No. 130429927

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1z





JAN 2 1 2021
@ 10:15 AM

Receipt Number: 885817
Tracking Number: 73832826

COPY OF PLEADING PROVIDED BY PLT

## CAUSE NUMBER: 2021-02080

**PLAINTIFF: CRAWFORD CONDOMINIUMS LP (D/B/A PARC AT MIDTOWN) In the 151st**

    **VS.**                                           **Judicial District Court of**

**DEFENDANT:   AMTRUST   INTERNATIONAL   UNDERWRITERS   DAC   (A/K/A   AMTRUST**

**INTERNATIONAL**                                            **Harris County, Texas**

### CITATION (INSURANCE COMMISSION)

**THE STATE OF TEXAS**
**County of Harris**

**TO: AMTRUST INTERNATIONAL UNDERWRITERS DAC (A/K/A AMTRUST INTERNATIONAL UNDERWRITERS LIMITED) MAY BE SERVED THROUGH THE TEXAS COMMISSIONER OF INSURANCE 333 GUADALUPE ST AUSTIN TX 78701**

**FORWARD TO:**

**800 SUPERIOR AVE E 21ST FLOOR**

**CLEVELAND OH 44114**

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

This instrument was filed on January 13, 2021, in the above cited cause number and court. The instrument attached describes the claim against you.

    **YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

    This citation was issued on January 20, 2021, under my hand and seal of said Court.

*Marilyn Burgess*

Marilyn Burgess, **District Clerk**
**Harris County, Texas**
**201 Caroline, Houston, Texas 77002**

Issued at request of:
**SINGLETON**
JAMES S RICHARDS
1221 LAMAR STREET 16TH FLOOR
HOUSTON, TX 77010

**Generated By: MARCELLA**

713-226-6703 x131

Bar Number: 24073095

Tracking Number: 73832826

**CAUSE NUMBER: 2021-02080**

| | |
|---|---|
| PLAINTIFF: CRAWFORD CONDOMINIUMS LP (D/B/A PARC AT MIDTOWN) | In the 151st |
| vs. | **Judicial District Court of** |
| DEFENDANT: AMTRUST INTERNATIONAL UNDERWRITERS DAC (A/K/A AMTRUST INTERNATIONAL | **Harris County, Texas** |

**OFFICER/AUTHORIZED PERSON RETURN**

Came to hand at _10:15_ o'clock _A_. M., on the _21st_ day of _____,
20 _21_ .

Executed at (address) _____ in
_____ County

at _____ o'clock _____. M., on the _____ day of _____,
20 _____,

by delivering to _____ defendant, in person, a true
copy of this

Citation together with the accompanying _____ copy(ies) of the
_____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____,
20 _____.

FEE: $ _____

_____ of _____

County, Texas

_____          By: _____
           Affiant                                        Deputy

On this day, _____, known to me to be the person whose
signature

appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____,
20 _____

_____
Notary Public

AFFIDAVIT
ATTACHED

1/13/2021 4:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49681008
By: Marcella Hill
Filed: 1/13/2021 4:36 PM

CAUSE NO._____

| | | |
|---|---|---|
| CRAWFORD CONDOMINIUMS LP D/B/A | § | IN THE DISTRICT COURT OF |
| PARC AT MIDTOWN | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | ___ JUDICIAL DISTRICT |
| AMTRUST INTERNATIONAL | § | |
| UNDERWRITERS DAC, A/K/A AMTRUST | § | |
| INTERNATIONAL UNDERWRITERS | § | |
| LIMITED | § | |
|     *Defendant.* | § | HARRIS COUNTY, TEXAS |

## <u>CRAWFORD CONDOMINIUMS LP D/B/A PARC AT MIDTOWN'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

COMES NOW, CRAWFORD CONDOMINIUMS LP D/B/A PARC AT MIDTOWN ("Crawford"), and files this Original Petition and Request for Disclosure against AmTrust International Underwriters DAC, A/K/A AmTrust International Underwriters Limited ("AmTrust") and, in support thereof, respectfully shows the following:

### I.      RELIEF SOUGHT

1.      Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Crawford seeks monetary relief over $1,000,000 as well as all other relief to which it is justly entitled, including the declaratory judgment of this Court as to the insurance coverage to which it is entitled under the insurance policy issued to it by AmTrust.

### II.      DISCOVERY CONTROL PLAN

2.      Plaintiff requests that discovery in this action occur under a Level 3 discovery plan pursuant to Texas Rule of Civil Procedure 190.4.

### III.    PARTIES

3.      Crawford is a Texas Limited Partnership organized under the laws of Texas with a principal place of business in Houston, Texas. Crawford's General Partner is L.S.R. Investments, USA, Inc. a Delaware Corporation.

4.      AmTrust is a foreign surplus lines insurer doing business in the State of Texas and domiciled in Dublin, Ireland, with a mailing address of AmTrust North America, 800 Superior Avenue East, 21st Floor, Cleveland, Ohio 44114. AmTrust may be served through the Texas Commissioner of Insurance, as AmTrust's agent for service of process, at 333 Guadalupe Street, Austin, Texas 78701.

### IV.    JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court because the amount in controversy is in excess of the jurisdictional limits of this Court.

6.      Venue is proper in Harris County, Texas pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred, including issuance and delivery of the insurance policy to Crawford.

### V.    FACTS GIVING RISE TO CONTROVERSY

7.      Crawford is the developer of the Parc at Midtown Condominium Project located at 2401 Crawford Street in Houston, Texas ("Project"). The Project consists of multiple buildings which are commonly known as Buildings A, B, C1, C2, C3, C4, D1, and D2 ("Buildings"). The claims asserted by Crawford against Webb involve property damage to Buildings A, B, C1, C2, and C-4. The Buildings are clearly identified in the photograph below:



8. Crawford retained Webb Stucco to provide all labor, materials, and equipment necessary for the installation of the stucco and waterproofing at the Project. Webb Stucco contractually promised, among other things, to conduct its work in a good and workmanlike manner.

9. Unfortunately, Webb Stucco failed to do so and the Project suffers from severe water infiltration due to defective workmanship. The defective workmanship attributable to Webb Stucco includes but is not limited to defective installation of water-resistive barriers (comprised of Tyvek building wrap), defective integration of the window flanges, drip caps, flashing membranes, and water resistive barriers, and the lack of a weep system along the termination of the stucco veneer. In short, the defective workmanship has allowed water infiltration and moisture damage to the OSB and wood framing as is depicted in the photograph below:



10.     Crawford is in possession of multiple property inspections and damage assessments detailing the severity of the defective work and corresponding damages ("Reports"). The Reports make clear that due to the severity and systematic nature of this defective work, it will be necessary to completely remove and replace the exterior cladding on multiple, defectively constructed buildings.

11.     Crawford is receiving, on an increasingly frequent basis, detailed complaints from homeowners within the Project of water intrusion through the building envelope, including exterior windows, and balconies. All of this property damage is attributable to the stucco scope of work for which Webb Stucco was responsible.

12.     Crawford purchased the commercial general liability insurance for the Project through an owner-controlled insurance program ("OCIP"), purchasing a commercial general

liability insurance policy that provides coverage to not only Crawford, but all contractors and subcontractors providing labor and materials to the Project, and who have enrolled in the program, including Webb. AmTrust issued Commercial General Liability Policy No. PAL1255710-00 to Crawford and Parc at Midtown as the first named insureds, with limits of $3,000,000 per occurrence and with a $3,000,000 projects-completed operations aggregate limit that remained in effect through the duration of the Project, and for ten years subsequent to completion as provided in the statute of repose under Texas law.

13.     Because of the extreme water intrusion being experienced at the Project, Crawford placed AmTrust on notice of the property damage arising out of the defective workmanship of Webb, all of which is within the coverage of the AmTrust policy that provides broad coverage for construction defects. That notice was given on July 24, 2018, and was acknowledged by AmTrust on July 25, 2018.

14.     The Insuring Agreement of the AmTrust policy, vests AmTrust with the discretion to investigate and settle the water intrusion occurrence. The Insuring Agreement provides that AmTrust had the discretion to investigate any occurrence and settle any claim or suit that may result. AmTrust retained Rimkus Consulting Group to inspect the Project and to provide an estimate of the cost of repair. The report as to Buildings A and B was produced by Rimkus in January, 2019, nearly two years ago, and a Supplemental Report as to Buildings C1, C2, and C4 sixteen months later in August, 2019.

15.     AmTrust provided a reservation of rights letter to Crawford dated June 13, 2019, a full eleven months after receiving notice of the claim.

16.     In addition, the Insuring Agreement of the policy obligates AmTrust to pay those sums that the insured becomes legally obligated to pay as damages because of property to which

the insurance applies. Legitimate repair costs, to the extent proven, are sums that Crawford is legally obligated to the pay to the Parc at Midtown Owner's Association, Inc. (HOA) pursuant to the condominium governing documents for repairs due to property damage because of the water infiltration.

17.     Despite having affirmatively undertaken investigation of the claim and obtaining the Report from Rimkus, its consultant, AmTrust took virtually no action in advancing the adjustment, let alone repair, of the water intrusion claim at Parc at Midtown.  A lengthy exchange of demand letters, emails, and telephone calls ensued until the fall of 2019 when Crawford retained counsel. After additional threats and demands, in December of 2019, AmTrust agreed to meet with Crawford to discuss the claim and funding to repair the water infiltration on the Project.

18.     The meeting between AmTrust (through Jeff Heiliger, its third-party adjuster), Rimkus, Crawford and their counsel, occurred on February 10, 2020. At that meeting, issues relating to costs were discussed, including Crawford's position that actual costs of repair were certain to exceed the Rimkus estimates largely due to the fact that Rimkus used a construction cost software estimator instead of actual bids from trades on the specific job. Also, Rimkus had not taken into consideration all categories of costs involved; there was material missing. After Crawford shared its experience and receipts of an actual similar renovation made to Building A, it was agreed by all parties that another step was necessary to more accurately evaluate the cost of all repairs included in this claim. AmTrust, agreed that Crawford should obtain a detailed and binding bid from a reliable contractor specialized in this type of renovation in the Houston market. AmTrust agreed that Reconstruction Experts, Inc., known and respected both by Amtrust and Crawford as a competent neutral third-party, to provide a detailed bid made with on-site analysis

and bids from trades. Once obtained, it was represented by AmTrust that representatives of Rimkus and Reconstruction Experts would meet to go over the details of Reconstruction Experts' estimate.

19.     Shortly after that time, the Coronavirus issues arose, but Reconstruction Experts produced its estimate in July, 2020. The consultants met together and reviewed the estimates, with Reconstruction Experts providing a more detailed breakdown of its estimate of $2,400,000 in repair costs to Rimkus. Rimkus took plenty of time to review the estimate and asked Reconstruction Experts for additional details on the proposal which were duly provided.

20.     Despite its affirmative undertaking to investigate and settle the repair claim, the representations made at the February, 2020 meeting, and the receipt of the Reconstruction Experts Report and estimate in July, 2020, Crawford has yet to receive any word from AmTrust as to its position, let alone funding, of the Reconstruction Experts' estimate. Months have passed and water continues to seep through the building envelopes and into the condominium units. Complaints from the homeowners are rightfully becoming more frequent and insistent. Virtually every rainstorm creates more leaks in the buildings, and every leak creates further damage and rot. Two years of neglect by AmTrust of its obligations after Crawford notified it of the water intrusion claim is jeopardizing the wood structure and insulation of the buildings, worsening the situation. Am Trust's negligence has made the filing of this action necessary.

21.     Crawford has not sat idly by waiting for its insurance company to act and in the interim undoubtedly be sued by the HOA. It has spent nearly $400,000 in attempting to patch the water intrusion areas and make what are at best temporary repairs that simply reduce the water infiltration in some areas. It has only been those repairs that have forestalled litigation by the HOA. Once that occurs, Crawford will lose control and face ever-increasing liability which is coming because some residents have complained for months for leaks that can no longer be patched.

Comprehensive repair of the entire Project as contemplated by the Reconstruction Experts bid is necessary

22.     In the event a lawsuit is filed against Crawford, the AmTrust policy provides that defense costs are included within the $300,000 limit. As a result, Crawford faces a loss that is likely to exceed its insurance limits. In that event, Crawford is fully prepared to seek recovery of extra-contractual damages from AmTrust due to its misrepresentation and unwarranted delays. In addition, it is entitled to recover its attorney's fees expended in chasing AmTrust for coverage to which Crawford is entitled.

23.     Crawford purchased an OCIP policy based on the representation of AmTrust and its agents that the policy would protect it from liability for property damage arising out of the work of any enrolled contractor. So far, so those interests have not been protected.

## VI.     CAUSES OF ACTION

### A.  Declaratory Judgment

24.     Crawford realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25.     This is an action for declaratory judgment pursuant to Chapter 37 of the TEX. CIV. PRAC. & REM. CODE, the Texas Uniform Declaratory Judgment Act.

26.     An actual controversy of a judicial nature exists between Crawford and AmTrust involving the rights and obligations under the AmTrust policy relative to the claim of the HOA for repairs. The resolution of this controversy is dependent upon an analysis of the AmTrust policy and the facts and circumstances surrounding PG&E's claim against TCI and Crawford.

27.     Crawford has complied with all conditions precedent to coverage under the AmTrust policy.

28.     Crawford is entitled to a declaration of this Court that AmTrust is obligated to indemnify Crawford for the settlement of the claims made by PG&E against TCI and Crawford that are within the coverage of the AmTrust policy.  Crawford is also entitled to a declaration of this Court that AmTrust is obligated to pay Crawford's attorney's fees and costs incurred in this action.

**B.  Breach of Contract**

29.     Crawford realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above.

30.     Crawford has complied with all conditions precedent to coverage under the AmTrust policy.

31.     The terms of the policy provide coverage to Crawford, but AmTrust has failed and refused to fulfill its obligations to Crawford under the AmTrust policy.

32.     The failure of AmTrust to fulfill its contractual obligations constitutes a material breach of the insurance contracts, which has caused damage to Crawford.

33.     As a result of AmTrust's breach of the insurance contracts, Crawford is entitled to recover from AmTrust all of its damages, including coverage for the settlement of PG&E's claim against TCI and Crawford and its considerable costs incurred in managing and defending the claims of PG&E, together with its attorney's fees and costs incurred in this action and in pursuing coverage from AmTrust.

**C.  Violation of Texas Insurance Code Chapter 541**

34.     Crawford realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 above.

35.     The conduct of AmTrust as set out in this petition constitutes an unfair and deceptive act or practice in the business of insurance under Texas Insurance Code §§541.060, et seq. AmTrust has engaged in the following unfair settlement practices with respect to this claim:

a.     Misrepresenting to a claimant a material fact or policy provision relating to coverage, particularly its willingness to adjust the repair claim reasonably, promptly and fairly after undertaking to investigate it;

b.     Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c.     Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

d.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim once it had undertaken its investigation.

AmTrust has also engaged in the following unfair or deceptive acts or practices pursuant to §541.061 under the Texas Insurance Code:

a.     Making untrue statements of material fact, particularly its willingness to adjust the repair claim reasonably, promptly and fairly after undertaking the investigation of the claim;

b.     Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, particularly its as to its willingness to adjust the repair claim reasonably, promptly and fairly in light of the need for prompt repairs to protect its insured and after undertaking investigation of the claim;

     c.      Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of material facts, particularly its as to its adjustment and payment of the repair claim reasonably, promptly and fairly in light of the need for prompt repairs to protect its insured and after undertaking the investigation of the claim; and

     d.      Failing to disclose a matter required by law to be disclosed.

36.     As a result of AmTrust's actions, Crawford is entitled to recover its actual damages, plus court costs and reasonable and necessary attorney's fees.  In addition, AmTrust knowingly committed the acts complained of in this Third Cause of Action, entitling Crawford to recover three times the amount of its actual damages under Texas Insurance Code §541.152.

**D.  <u>Attorney's Fees</u>**

37.     Crawford realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 above.

38.     Crawford has retained the services of the law firm of Cokinos | Young of Houston and Irving, Texas and has agreed to pay Cokinos | Young a reasonable fee for its services necessarily rendered and to be rendered in this action.  Pursuant to §§37.001, et seq. of the TEX. CIV. PRAC. & REM. CODE (Declaratory Judgment), §§38.051, of the TEX. CIV. PRAC. & REM. CODE (Breach of Contract), and §541.152 of the Texas Insurance Code (Unfair Claims Settlement Practices), Crawford is entitled to an award of its reasonable fees in an amount to be established at trial.

## VII.   REQUEST FOR DISCLOSURE

39.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose all information and documents identified in Rule 194.2 of the Texas Rules of Civil Procedure.

## VIII.   PRAYER

WHEREFORE, Crawford requests that the Court grant it the following relief:

(1)     The declaration by this Court that AmTrust owes a duty to indemnify Crawford for the repairs of the Parc at Midtown Condominiums;

(2)     Judgment against AmTrust for damages suffered by Crawford as a result of AmTrust's breach of its contractual obligations under OCIP commercial general liability insurance policy;

(3)     Judgment that Crawford is entitled to recover its actual damages as a result of AmTrust's unfair claims settlement practices under Texas Insurance Code §541.152;

(4)     Judgment that Crawford is entitled to recover its costs and expenses, including attorney's fees, incurred in pursuing coverage from AmTrust in this action and any appeal;

(5)     Judgment awarding Crawford prejudgment and post-judgment interest in the maximum amount allowed by law; and

(6)     Such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted,

COKINOS | YOUNG

*/s/ James S. Richards*

JAMES S. RICHARDS
Texas Bar No. 24073095
jrichards@cokinoslaw.com
PATRICK J. WIELINSKI
Texas Bar No. 21432450
pwielinski@cokinoslaw.com
1221 Lamar, 16th Floor
Houston, Texas 77010
Telephone: (713) 535-5500
Facsimile: (713) 535-5533

**ATTORNEYS FOR CRAWFORD
CONDOMINIUMS LP D/B/A
PARC AT MIDTOWN**

2/12/2021 5:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50639966
By: Keeley Hodgins
Filed: 2/12/2021 5:27 PM

**CAUSE NO.2021-02080**

| | | |
|---|---|---|
| CRAWFORD CONDOMINIUMS LP D/B/A PARC AT MIDTOWN, | § § § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| AMTRUST INTERNATIONAL UNDERWRITERS DAC, A/K/A AMTRUST INTERNATIONAL UNDERWRITERS LIMITED, | § § § § § | |
| DEFENDANT. | § § | 151ST JUDICIAL DISTRICT |

<u>ORIGINAL ANSWER OF DEFENDANT</u>
<u>AMTRUST INTERNATIONAL UNDERWRITERS DAC</u>

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Defendant Amtrust International Underwriters DAC ("Amtrust"), and files this Original Answer to the Original Petition of Plaintiff Crawford Condominiums LP d/b/a Parc at Midtown and would respectfully show the Court the following:

**I.**
**GENERAL DENIAL**

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Amtrust generally denies each allegation in Plaintiff's Original Petition, and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II.**
**CONDITIONS PRECEDENT**

2.    Amtrust denies that Plaintiff has satisfied all conditions precedent to filing this lawsuit. Amtrust denies that Plaintiff has satisfied the pre-suit notice requirements set forth in Chapter 541 of

the Texas Insurance Code with regard to the Plaintiff's claims that Amtrust violated various provisions of Chapter 541 of the Texas Insurance Code.  Additionally, with regard to Amtrust's duty to indemnify Plaintiff under the Amtrust Policy, Amtrust further denies that Plaintiff is legally obligated to pay damages to any third party at this time.

### III.
### JURY TRIAL

3.     Pursuant to Texas Rule of Civil Procedure 216, Amtrust requests a jury on all issues so triable.

### IV.
### CONCLUSION AND PRAYER

WHEREFORE,   PREMISES   CONSIDERED,   Defendant   Amtrust   International Underwriters DAC prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, and Defendant recovers costs of court, and such other and further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ Brian S. Martin* _____
      BRIAN S. MARTIN
      State Bar No.  13055350
      bmartin@thompsoncoe.com
      RODRIGO "DIEGO" GARCIA, JR.
      State Bar No. 00793778
      dgarcia@thompsoncoe.com
      One Riverway, Suite 1400
      Houston, TX 77056
      Telephone:  713-403-8282
      Telecopy:  713-403-8299

**ATTORNEYS FOR DEFENDANT**
**AMTRUST INTERNATIONAL UNDERWRITERS DAC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of February, 2021, a true and correct copy of the foregoing was served via e-service to all counsel of record.

_/s/ Brian S. Martin_

BRIAN S. MARTIN

# 2021-02080

**COURT:**   151st

**FILED DATE:**   1/13/2021

**CASE TYPE:**   Debt/Contract - Other



### CRAWFORD CONDOMINIUMS LP (D/B/A PARC AT MIDTOWN)

Attorney: RICHARDS, JAMES STEPHEN

### vs.

### AMTRUST INTERNATIONAL UNDERWRITERS DAC (A/K/A AMTRUST INTERNATIONAL

Attorney: MARTIN, BRIAN SCOTT

| Docket Sheet Entries | |
|---|---|
| Date | Comment |